DETERMINED IN THE

## FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1914

---

The People of the State of Illinois, Defendant in Error, v. Barney J. Grogan, Plaintiff in Error.[1]

## Gen. No. 18,766.

1. CONTEMPT, § 61*—*when answer must be taken as true.* In a prosecution for contempt on behalf of the People, the answer of the respondent cannot be traversed and must be taken as true, but if the answer states facts that are inconsistent with respondent's avowed purpose and intention as stated in his answer, the court is at liberty to draw its own inferences from the facts stated.

2. CONTEMPT, § 12*—*when person guilty of contempt.* Evidence *held* not to show that a surety on a bond in a prosecution for malicious mischief intended to induce the acceptance of himself as surety by certain misstatements as to other suits in which he was surety, wherefore, he was not guilty of contempt.

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in this court at the March term, 1913. Reversed. Opinion filed March 24, 1913.

J. W. SUTTON, for plaintiff in error.

---

[1]This case was not received by the publishers until February 19, 1915.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MACLAY HOYNE, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

Plaintiff in error Grogan was by a branch of the Municipal Court, held by Judge Gemmill, adjudged guilty of contempt of court, fined $200, and to reverse such judgment prosecutes this writ of error. August 17, 1912, William Waite was required by the Municipal Court to give bond in the sum of $2,500 to answer a charge of malicious mischief. Grogan applied to the clerk of the court to become surety for Waite. The clerk prepared a bond and an affidavit as to the sufficiency of Grogan to become such surety, which was signed by him and sworn to by him before the clerk. He then took the bond and affidavit to Judge Wells of the Municipal Court to have the bond approved. Judge Wells examined him and among other questions asked him if he was on any other bond, and he answered that he was on a bond for $1,000 and was on several "disorderly" bonds, but thought they had been disposed of. The Judge asked him if the property, 209 South Center avenue, which the affidavit stated was worth $6,250, was not worth more than that sum, and he answered that he paid $6,250 for the property and had expended $3,800 for improvements thereon. The Judge then asked if the property was worth $10,000 and he answered that it was. The Judge then struck out "$6,250" and inserted "$10,000." Grogan in answer to questions of the Judge stated that he owned three hundred acres of land in Jefferson county, Wisconsin, worth $50,000; that said real estate was clear of incumbrance and that he was worth over and above his indebtedness $100,000. Judge Wells inserted in the affidavit Grogan's statement as to the Wisconsin land, reswore him to the affidavit and approved the bond.

The State's Attorney filed a petition in the Municipal Court alleging that Grogan "made application for

a bond" before Judge Wells and in said "application
for bail," sworn to before Judge Wells, in answer to
the question: "Are you surety for any one else; if so,
for what amount and for what?" answered, "Yes,
$1,000"; that Grogan was then surety on three bonds
of $400 each in cases brought by the City of Chicago
and on one bond for $1,000 in a prosecution in the
name of the People of the State of Illinois; that since
the application for bail was made the defendant in one
case brought by the City had been fined and that Gro-
gan was still "surety for the other defendant in the
sum of $1,800 and not in $1,000 as stated in his said
application for bail before said Judge Wells. The
concluding portion of the petition is as follows:
"Wherefore your petitioner asks that this Honor-
able court enter a rule on said Barney J. Grogan to
show cause why he should not be held in contempt of
this court for his practices of deceit and misrepresen-
tation upon one of the Honorable Judges of said Mu-
nicipal Court of Chicago, as hereinbefore shown."
This is not an averment that Grogan had practiced
fraud or deceit on a judge of the Municipal Court, nor
is there in the petition any allegation that the misstate-
ment by Grogan in his affidavit as to the amount for
which he was surety was made for the purpose of de-
ceiving Judge Wells or inducing him to accept Grogan
as surety when he would not, but for such misstate-
ment, have accepted him.

The only evidence introduced or offered in support
of the petition was the bonds mentioned in the petition
and accompanying affidavit. The respondent answered
the petition, stating that he answered fairly and
frankly the questions propounded to him by Judge
Wells and believed at the time that the answers were
true, and that he then believed that the said City cases
had been disposed of; that he did not intend to make
any false representation as to his property and had no
intention to practice fraud or deceit on Judge Wells.
He testified as a witness on his own behalf, and his

testimony tended to support the averments of his answer.

The finding of the court was that the defendant practiced deceit and misrepresentation in answering said questions and that, "he is, by reason of said conduct of the defendant in disobeying the order of the Court as aforesaid, guilty of a direct contempt of this Court in open court."

The defendant disobeyed no order of the court, for Judge Wells made no order that defendant do or refrain from doing anything. He was not guilty of contempt of court in open court, for the application to accept him as surety was made to Judge Wells, not to the court, and the bond was approved by the Judge, not by the court.

This is a prosecution in behalf of the People, and it is a cardinal rule that in such proceedings for contempt the answer of the respondent cannot be traversed and must be taken as true. 4 Black Com. 289. If the answer states facts that are inconsistent with respondent's avowed purpose and intention as stated in his answer, the court will be at liberty to draw its own inferences from the facts stated. *In re May*, 2 Flippin, 562. In the answer in this case no facts are stated inconsistent with respondent's purpose and intention as stated in his answer.

But waiving all technical objections, we think that the evidence fails to show that the respondent intended to deceive Judge Wells or induce him by misstatements to accept respondent as surety on a bond, when, if all the facts in relation to the bonds on which he was surety had been stated, he would not have been accepted. The evidence that respondent was worth over and above his indebtedness $100,000; that he owned in fee clear of incumbrance real estate in Chicago worth $10,000, and for which he had paid within about two years in purchase price and improvements $10,000, and that he owned three hundred acres of land in Wis-

consin worth $50,000, which was clear of incumbrance, is not controverted.

We think that the evidence fails to show that the respondent was guilty of contempt and that the rule to show cause should have been discharged.

For the reasons indicated the judgment of the Municipal Court is reversed.

*Reversed.*